IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAVID CROWTHER,

    Petitioner,

    v.                                                                        No. 11-3202-SAC

DEREK SCHMIDT, KANSAS
ATTORNEY GENERAL,

    Respondent.

MEMORANDUM AND ORDER

This case comes before the Court on a petition for habeas corpus filed pursuant to 28 USC § 2254 by an inmate at the Johnson County Adult Detention Center in Olathe, Kansas. Petitioner was convicted of attempted aggravated kidnapping, aggravated arson, aggravated battery, criminal threat, and seven counts of violating a protective order. Petitioner's sole allegation in this petition is that he was denied effective assistance of counsel because his trial counsel did not try to suppress evidence found on petitioner's computer.

The parties do not challenge the procedural history of the case or the facts stated by the Kansas Court of Appeals in petitioner's prior appeals. *See State v. Crowther*, 139 P.3d 152, 2006 WL 2265049 (2006); *Crowther v. State,* 45 Kan.App.2d 559 (2011). Accordingly, the Court adopts those facts and shall not repeat them except as necessary to the analysis of the

Petition. *See* 28 U.S.C. § 2254(e)(1); *Saiz v. Ortiz*, 392 F.3d 1166, 1175 (10th Cir. 2004). Respondent admits that Petitioner has exhausted his available state court remedies.

**I. AEDPA Standard**

This matter is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA imposes a "highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (citation and internal quotation marks omitted). Under AEDPA, where a state prisoner presents a claim in habeas corpus and the merits were addressed in the state courts, a federal court may grant relief only if it determines that the state court proceedings resulted in a decision (1) "that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A state court decision is "contrary to clearly established Federal law" when: (a) the state court " 'applies a rule that contradicts the governing law set forth in [Supreme Court] cases' "; or (b) " 'the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that]

precedent .' " *Maynard v. Boone*, 468 F.3d 665, 669 (10th Cir. 2006) (quoting *Williams v. Taylor*, 529 U.S. 362, 405 (2000)). A state court decision involves an unreasonable application of clearly established federal law when it identifies the correct legal rule from Supreme Court case law, but unreasonably applies that rule to the facts. *Williams*, at 407–08. Likewise, a state court unreasonably applies federal law when it either unreasonably extends, or refuses to extend, a legal principle from Supreme Court precedent where it should apply. *House v. Hatch*, 527 F.3d 1010, 1018 (10th Cir. 2008).

In reviewing state criminal convictions in federal habeas corpus proceedings, a federal court does not sit as a super-state appellate court. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). "The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). In order to obtain relief, a petitioner must show that the state court decision is "objectively unreasonable." *Williams,* 529 U.S. at 409 (O'Connor, J., concurring). "[A] decision is 'objectively unreasonable' when most reasonable jurists exercising their independent judgment would conclude the state court misapplied Supreme Court law." *Maynard,* 468 F.3d at 671.

## II. Issue

Petitioner raises only one issue in this petition: whether his counsel was constitutionally ineffective for not having filed a suppression motion. Petitioner raised this issue in his K.S.A. § 60-1507 petition, but the district court denied the claim without addressing it in detail and without holding an evidentiary hearing.

**State Court Holding**

On appeal from the denial of petitioner's 60-1507 petition, the KCOA explained the applicable law:

> To support a claim of ineffective assistance of counsel, a claimant must prove that (1) counsel's performance was deficient and (2) counsel's deficient performance was prejudicial and deprived the claimant of a fair trial in the underlying criminal proceeding. The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. *Bledsoe v. State,* 283 Kan. 81, 90, 150 P.3d 868 (2007).
>
> The first prong of the test for ineffective assistance of counsel requires a showing that counsel made errors so serious that his or her performance was less than guaranteed by the Sixth Amendment to the United States Constitution. *State v. Mathis,* 281 Kan. 99, 109, 130 P.3d 14 (2006). This prong requires a showing that counsel's representation fell below an objective standard of reasonableness, considering all the circumstances. Our scrutiny of counsel's performance must be highly deferential, and a fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. This court indulges a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.

> The second prong of the test for ineffective assistance of counsel requires a showing that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Bledsoe,* 283 Kan. at 90, 150 P.3d 868.

*Crowther*, 45 Kan.App.2d 559, 563-64.

The KCOA found that the search warrant failed by not listing with particularity the types of files to be seized from petitioner's computer, thus authorizing an unfocused inspection of all of petitioner's files. 45 Kan.App.2d at 566-67. This violated the Fourth Amendment's requirement that a search warrant describe the things to be seized with sufficient particularity to prevent a "general exploratory rummaging." *Id.,* citing *United States v. Carey*, 172 F.3d 1268, 1272 (10th Cir. 1999). The KCOA relied on federal law requiring that warrants for computer searches affirmatively limit the search to evidence of specific types of material. *United States v. Walser*, 275 F.3d 981, 986 (10th Cir. 2001), *cert. denied* 535 U.S. 1069 (2002); *United States v. Campos,* 221 F.3d 1143, 1147–48 (10th Cir. 2000). Thus officers must avoid searching computer files of types not identified in the warrant. *Walser*, 275 F.3d at 986; *Carey,* 172 F.3d at 1276. Accordingly, the KCOA found the warrant fatally defective.

The KCOA also rejected the State's assertion that officers executing the warrant acted in good faith under *United States v. Leon,* 468 U.S. 897, , *reh. denied* 468 U.S. 1250 (1984), finding:

> We believe there is a likelihood *Leon* would not have applied under the acknowledged facts in this appeal because of the warrant's lack of specificity. Here, neither the underlying affidavit in support of the warrant, nor the warrant itself specified the items to be seized from Crowther's computer devices. Consequently, Crowther's assertion that trial counsel was ineffective for failure to file a motion to suppress cannot be summarily swept aside.

*Crowther,* 45 Kan.App.2d at 567.

The KCOA found petitioner's briefing of prejudice from the attorney's failure to file a suppression motion to be conclusory, but nonetheless examined its merits. It asked whether the evidence created a reasonable probability that the verdicts would have been different, but found no prejudice because the suppressible evidence had little value:

> … even if the district court had suppressed the evidence obtained pursuant to the search warrant, there is not a reasonable probability that the verdicts would have been different. The State at the scene of the crimes found the stun gun that was used by Crowther. Whether Crowther purchased the stun gun online was not an element of the crime charged and any evidence that he purchased the stun gun online was likely to have no effect on the minds of the jurors in light of the other testimony regarding the stun gun. Additionally, even though officers discovered numerous hits for Match.com on Crowther's computer, the State presented a representative from Match.com who testified that Crowther contacted the victim through a Match.com account on numerous occasions. The evidence found on Crowther's computer was of so little value that the outcome of the trial would not have been different had a motion to suppress been filed and granted.

*Id.* at 568. The KCOA thus found that any error by counsel did not prejudice petitioner so as to deprive him of a fair trial.

**Habeas Review**

To prevail on a claim for ineffective assistance of counsel, Petitioner must show that counsel's performance was deficient and that the deficient

performance prejudiced his defense. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). "Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." *Strickland,* 466 U.S. at 700.

In reviewing for deficient performance, a trial court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland,* 466 U.S. at 689. A petitioner demonstrates deficient performance by showing counsel's representation "fell below an objective standard of reasonableness." *Id.* at 688. Petitioner must show that counsels' decision was "completely unreasonable, not merely wrong." *Boyd v. Ward,* 179 F.3d 904, 914 (10th Cir. 1999). But [w]hen § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Harrington v. Richter,* –– __ U.S. __, 131 S.Ct. 770, 788 (2011).

To demonstrate prejudice, a habeas petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

Failure to file a suppression motion does not constitute per se ineffective assistance of counsel. *Kimmelman v. Morrison,* 477 U.S. 365, 384

7

(1986). Where defense counsel's failure to litigate a Fourth Amendment claim competently is the principal allegation of ineffectiveness, the defendant must also prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice. *Kimmelman*, 477 U.S. at 375.

The KCOA applied the correct legal standard in resolving petitioner's claim. Petitioner believes that the state court should have asked whether the tainted evidence "possibly influenced the jury," citing *Chapman v. California*, 386 U.S. 18 (1967), but a habeas court must apply the harmless error standard of *Brecht*, and not of *Chapman*, to assess a constitutional violation. *Herrera v. Lemaster*, 301 F.3d 1192 (10th Cir. 2002) (examining a Fourth Amendment violation de novo because the state court had not previously heard the habeas claim on the merits). Here, where petitioner's habeas claim has been determined on the merits, this court's scope of review is necessarily deferential.

Petitioner also challenges the factual findings underlying the state court's decision that he was not prejudiced by counsel's error. Petitioner contends that the KCOA failed to consider all of the items that should have been suppressed and how the jury might have perceived them.

The KCOA expressly considered two of the objectionable items. First, Petitioner contends evidence showing numerous hits for the word

"Match.com" on his computer was prejudicial because it confirmed the State's allegation that petitioner had made numerous anonymous and unwanted contacts with the victim through that site. The KCOA found this evidence not prejudicial and merely cumulative because the State had presented a representative from Match.com who testified that Crowther contacted the victim through a Match.com account on numerous occasions. Because the same damaging evidence was presented through an independent source, petitioner has not shown any prejudicial effect.

      Secondly, the KCOA found no prejudice from computer information showing that a few days before the crime, petitioner purchased the stun gun which he used on the victim and paid an extra $15 to have it shipped by second day air mail. Petitioner contends that these facts make the State's case of "malevolent premeditation" much stronger than it would have been absent the showing of temporal proximity between the gun's purchase and the crime, and the inference that the gun was desired so quickly. The KCOA found no prejudice because: the stun gun that petitioner used was found at the scene of the crime; other testimony was presented regarding the stun gun; whether Crowther purchased the stun gun in a certain manner or at a certain time was not an element of any crime charged; and, any evidence that petitioner purchased the stun gun online was likely to have no effect on the minds of the jurors in light of the other testimony regarding the stun gun. This was a reasonable conclusion.

The KCOA did not specifically address other allegedly prejudicial evidence related to petitioner's computer, including: 1) a program enabling petitioner to track emails and capture screens from another person's computer; 2) confirmations that petitioner had used particular email accounts; 3) testimony that it contained nude photos of the victim. Petitioner also claims prejudice from evidence that officers found a shotgun under his couch, apparently relying on a "fruit of the poisonous tree" theory. Petitioner believes all of this evidence was prejudicial because it confirmed the State's allegations that petitioner had been spying on the victim's computer activity, had sent her numerous anonymous emails (some of which were threatening or hostile), and was obsessed with the victim.

But the prejudice inquiry does not merely ask whether the admitted evidence reflects negatively on the petitioner, as this evidence does. Instead, the burden is on the petitioner to show a reasonable probability that the verdict would have been different without the excludable evidence. *Kimmelman*, 477 U.S. at 375; *Strickland*, 466 U.S. at 694. Petitioner was convicted of attempted aggravated kidnapping, aggravated arson, aggravated battery, criminal threat, and seven counts of violating a protective order. Petitioner fails to show which, if any, of these crimes might have been viewed differently by the jury, had the computer evidence been suppressed. None of the crimes required the State to prove that petitioner had spyware or nude photos of the victim on his computer. And most of the

challenged evidence merely confirms testimony that was generated independently from the search of petitioner's computer.

The record contains sufficient evidence of the elements of each of the crimes of conviction established through sources independent of the police officer's forensic analysis of petitioner's computer. The victim had lived with the petitioner for approximately 18 months and recognized his e-mail address and telephone numbers. She gave police copies of multiple e-mails she had received from the petitioner which he had sent to her home or work address. She also told them that petitioner had been contacting her through Match.com, and the police subpoenaed records from Match.com long before the questioned search occurred. The testimony of the victim, the victim's neighbor, the investigating law enforcement officers, records subpoenaed from Match.com pursuant to the victim's complaints prior to the computer search, the representative who testified on behalf of Match.com, the representative from Sprint who brought subpoenaed telephone records, and others is sufficient without any of the challenged evidence (including State's Exhibit 58 and testimony related to it) to warrant petitioner's conviction of the charged crimes.

Evidence that officers found a gun under petitioner's couch adds little if anything to the case, as defense counsel recognized in stating, during his closing argument, that the guns were "a non-issue in this case ... a distraction." R. Vol. III, p. 222. The State presented evidence that petitioner

had two borrowed shotguns in his possession, including the one found under the couch (in addition to the stun gun) but never tied either shotgun to any charged crime. None of the charged crimes required the possession, presence or brandishing of a gun. Petitioner's theory was that he borrowed the guns to go hunting. Even absent the search, an independent source established that Petitioner was in possession of one gun. Petitioner has not shown any prejudice flowing from admission of evidence that he in fact possessed two guns instead of one.

In light of the consistency and weight of the testimony against the petitioner, petitioner has not shown a reasonable probability that if the evidence improperly seized from his computer had not been admitted at trial, he would not have been found guilty of a crime. The KCOA relied on law consistent with *Strickland* in reaching its conclusions, and its factual resolution of petitioner's claim was a reasonable application of *Strickland.* No basis for habeas relief has thus been shown.

### III. Evidentiary Hearing

The court finds no need for an evidentiary hearing. ("[A]n evidentiary hearing is unnecessary if the claim can be resolved on the record.)" *Anderson v. Attorney Gen. of Kansas*, 425 F.3d 853, 859 (10th Cir. 2005) *Schriro*, 550 U.S. at 474 ("[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing.").

## IV. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Proceedings states that the court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. "A certificate of appealability may issue … only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard has not been met as to the sole issue resolved herein, so the court denies a certificate of appealability.

IT IS THEREFORE ORDERED that the petition for habeas corpus relief under 28 U.S.C. § 2254 (Dk.1) is denied.

Dated this 11th day of February, 2014, at Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge